## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THAIRIN A. WALKER, | § | |
| TDCJ-CID #205676, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2547 |
| | § | |
| GEAN LEONARD, *et al.*, | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER ON DISMISSAL

Thairin A. Walker, a state inmate currently incarcerated at the Galveston State Jail in Galveston, Galveston County, Texas,  proceeding *pro se*, filed this lawsuit under 42 U.S.C. § 1983 seeking damages for false imprisonment. Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis*, and proceeds impliedly *in forma pauperis*. After reviewing the complaint as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be dismissed as frivolous and for failure to state a claim.

### I.  Background

Plaintiff claims that he is being held at the Galveston State Jail under a false and frivolous indictment, and that the investigating police officer knowingly presented "trumped up" charges to the district attorney. He seeks damages of $150.00 per day for his false imprisonment and $250.00 for mental anguish.  He also requests the Court to investigate the Galveston Police Department, the Galveston County District Attorney's Office, and relieve the investigating officer of his official duties.

## II.  Analysis

When a party seeks to proceed *in forma pauperis*, the district court shall dismiss the case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

The Supreme Court of the United States has determined that in order to recover damages for an allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or incarceration invalid, a section 1983 plaintiff must prove that the underlying ground for incarceration, whether by conviction or other means, has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or incarceration that has not been so invalidated is not cognizable under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Because plaintiff clearly states that the purportedly false criminal charges are still pending against him, he cannot demonstrate that the criminal proceeding has been reversed

2

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. A ruling on these section 1983 complaints would necessarily imply the invalidity of plaintiff's criminal proceedings, and as such, his claims of false imprisonment should be dismissed with prejudice for failure to state a claim until he has satisfied the *Heck* requirements. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that an inmate seeking damages pursuant to section 1983 for unconstitutional imprisonment who has not satisfied the favorable termination requirement of *Heck* is barred from any recovery and fails to state a claim upon which relief may be granted).

The Court is without authority or grounds to undertake an investigation of the Galveston Police Department, the Galveston County District Attorney's Office, or to relieve the investigating officer of his official duties.

To the extent that plaintiff is seeking immediate release from incarceration rather than damages for false imprisonment, he must seek such relief through a properly filed habeas corpus proceeding. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

### III.  Conclusion

Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ Office of the General Counsel, P.O. Box 13084. Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention:  Betty Parker.

Signed at Houston, Texas, on this the 16 day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE